**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| AMERICAN CIVIL CONSTRUCTION, LLC | * | |
| 6956 North Clifton Road | | Case No.: |
| Frederick, Maryland 21702 | * | |
|     Plaintiff | | |
| v. | * | |
| | | |
| FORT MYER CONSTRUCTION CORPORATION | * | |
| 2237 33rd Street, N.E. | * | |
| Washington, DC 20018 | | |
| SERVE ON: | * | |
|     Registered Agent | | |
|     CT Corporation System | * | |
|     1015 15th Street, NW | | |
|     Suite 1000 | * | |
|     Washington, DC 20005 | | |
|     Defendant | * | |

**COMPLAINT**

American Civil Construction, LLC, the Plaintiff, by its undersigned counsel, brings this action against Fort Myer Construction Corporation, Defendant, and for cause says:

1. The Plaintiff is American Civil Construction, LLC, a Maryland limited liability company, having its principal place of business at 6956 North Clifton Road, Frederick, Maryland 21702. Plaintiff is and at all times relevant hereto has been engaged in the business of construction contracting.

2. The Defendant is Fort Myer Construction Corporation, a Virginia corporation, having its principal place of business at 2237 33rd Street, NE, Washington, DC 20018, and regularly transacting business within the District of Columbia. Defendant is and at all times relevant hereto has been engaged in the business of construction contracting.

3. This Court has jurisdiction in this matter, under 28 U.S.C. sec. 1332, in that the parties are organized and have their respective principal places of business in different states, and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

4. Venue is proper in that Defendant has its principal place of business in the District of Columbia and the matters giving rise to this litigation took place in the District.

5. Defendant, as contractor, entered into a contract with the District of Columbia Department of Transportation known as "Construction of Anacostia Initial Line Segment and Operation and Maintenance Facility, and Reconstruction of Firth Sterling Avenue – Milestone B" (the "Project").

6. Defendant, as contractor, entered into a subcontract with Plaintiff, whereby Defendant subcontracted to Plaintiff certain of the work for the Project. The work which was the subject of the subcontract included the construction of numerous foundations and the installation of certain ground rods and conduits. The original amount of the subcontract was six hundred forty-nine thousand, one hundred sixty-one dollars ($649,161.00); change orders were subsequently issued which increased the subcontract amount to one million, fifty-two thousand, eight hundred seventy-eight dollars and seventeen cents ($1,052,878.17).

7. Plaintiff undertook to perform and performed the work called for under the subcontract, as amended.

8. Prior to completion of the subcontract work, Plaintiff was wrongfully terminated by Defendant. By letter dated October 26, 2012, the Defendant informed the Plaintiff that the Defendant was terminating the subcontract "for convenience."

9. The Subcontract did not provide or allow for termination "for convenience", except where Defendant's contract with the Project owner was terminated by the owner for owner's convenience. In such instance, it required that the Plaintiff be paid overhead and profit on the work not performed due to the termination.

10. The Defendant's contract with the owner was not terminated.

11. Plaintiff advised Defendant in writing that the purported "termination for convenience" was not permitted under the subcontract and was wrongful, and further advised Defendant that Plaintiff was ready, willing, and able to complete its work under the subcontract.

12. Defendant refused to withdraw the termination and refused to allow Plaintiff to complete the subcontract work, thereby breaching the subcontract.

13. Defendant has not paid Plaintiff overhead or profit on the work not performed due to the termination.

14. Prior to the wrongful termination, Plaintiff performed certain additional work, outside the original scope of the subcontract, due to design changes, differing site conditions, and other causes. All such work was performed at the direction and with the knowledge and agreement of the Defendant.

15. Plaintiff submitted requests for change orders for the work referred to in the preceding paragraph. Defendant had a duty under the subcontract to process and pay the requested change orders. Defendant failed to process and pay these requested change orders., thereby breaching the subcontract and causing Plaintiff to suffer additional damages.

16. During the course of the project, pursuant to the subcontract, there was withheld from Defendant's payments to Plaintiff retainage.

17. The amounts withheld as retainage have not been paid to Plaintiff in full.

18. Through the wrongful termination, Plaintiff had performed all work available to it and had done all things required of it under the subcontract.

19. Defendant breached the subcontract and Plaintiff suffered damages as a result.

WHEREFORE, the Plaintiff demands judgment against the Defendant in the amount of three hundred thousand dollars ($300,000.00) together with interest and costs of this action.

    _s/ Michael J. Jack
Michael J. Jack
MD01846
Law Offices of Michael J. Jack
11165 Stratfield Court, Second Floor
Marriottsville, Maryland  21104
(410) 442-2232
Fax (410) 442-2234
michaeljjack@comcast.net
Attorney for Plaintiff